———o———

No. 4442.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF F. A. BASLAR AND WIFE.

1. Where the appointment of an administrator is made by a Cort of competent jurisdiction, the validity of such appointment cannot be inquired into collaterally.
2. The purchaser at a sale under the order of a Probate Court is not bound to look beyond the decree recognizing its necessity.
3. He must look to the jurisdiction of the Court, but the truth of the record concerning matters within its jurisdiction cannot be disputed.

Appeal from Civil District Court, Division "C."

E. T. Florance, for Succession.

A. B. Leopold, for S. Reinach, Appellant.

DUFOUR, J. The public administrator, having applied for letters of administration herein, the Court ordered that "due notice of the above application, description and valuation be published and posted as required by Act. 153 of 1900 and Act 70 of 1906."

In due course, he was appointed, the Judge in his order, stating that due and public notice of the application had been given *according to law*, that no opposition had been filed and the legal delays for opposition had elapsed. The administrator then obtained an order to sell property to pay debts, and Reinach, appellant herein, became the adjudicatee. He objects to the title tendered on the grounds:

First. That the title tendered is not good, valid and perfect, in that the proceedings leading to the sale and the formalities required by law have not been complied with.

Second. That there is no evidence in the record that notice of the application and description and valuation of the property was posted on the door of the Courthouse as required by Act 153 of 1900.

The alleged defect complained of is not in a proceeding leading to the sale, but one preceeding both the order of sale and the appointment of the administrator, and, though earnestly disclaiming any intention to do so, appellant is in reality endeavoring to make a collateral attack on the judgment.

It is horn-book law that where the appointment of an administrator is made by a Court of competent jurisdiction, the validity of such appointment cannot be inquired into collaterally.

The purchaser at a sale under the order of a probate Court is not bound to look beyond the decree recognizing its necessity. He must lock to the jurisdiction of the Court, but the truth of the record concerning matters within its jurisdiction cannot be disputed.

There is no error in the Judgment ordering compliance with the adjudication.

Judgment Affirmed.